829 P.2d 315

**In the Matter of Lewis P. AMES, a Member of the State Bar of Arizona, Respondent.**

Comm. Nos. 87–1119, 88–0698.

Supreme Court of Arizona.

March 11, 1992.

## JUDGMENT OF CENSURE and RESTITUTION

This matter having come on for review before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision, and no timely appeal having been filed,

IT IS ORDERED, ADJUDGED AND DECREED that:

1. LEWIS P. AMES, a member of the State Bar of Arizona, is hereby censured for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

2. Respondent shall make restitution to Lifestyle Pool Service & Repair in the amount of $1,833.42.

3. Respondent shall pay to the State Bar of Arizona costs and expenses incurred in this matter in the sum of $622.60 with interest at the legal rate, within thirty days from the date hereof as provided by law.

## EXHIBIT A

## DISCIPLINARY COMMISSION REPORT

On October 19, 1991, this matter initially came before the Disciplinary Commission of the Supreme Court of Arizona. As the hearing had been waived, the Commission reviewed the agreement for discipline by consent providing for public censure and restitution. Upon that review, the Commission directed that the matter be set for argument on November 16, 1991, at which time the parties appeared.

### Decision

After consideration of the oral arguments and review of the agreement for discipline by consent and the supporting memorandum, the Commission, by a unanimous vote of eight aye,[1] accepts the agreement for discipline by consent, and recommends that Respondent be publicly censured, and make restitution to his former client, Lifestyle Pool Service & Repair, in the amount of $1,833.42.

### Findings of Fact

This matter addresses two incidents involving Respondent. In the first, Respondent represented Lifestyle Pool Service & Repair (hereafter, "Lifestyle"). In May 1987, the trial judge entered an order directing the parties to respond to pleadings, supplement discovery, and file lists of witnesses and exhibits according to a specified schedule. Respondent failed to comply with this order. Thus, the opposing party's motion to strike Lifestyle's pleadings and enter judgment against it was granted in July 1987, resulting in the dismissal of Lifestyle's claims and the entry of judgment against it.

In August 1987 the attorney who took over the representation of Lifestyle from Respondent filed a motion for relief from order granting defendant's motion to strike pleadings and enter judgment. The basis for the motion was Respondent's "abandonment" of Lifestyle. That motion was granted, on the condition that the defen-

1. Commissioner Hoffman did not participate in these proceedings.

dants be compensated for all costs and attorneys' fees incurred by reason of plaintiff Lifestyle's failure to comply with the discovery order, file lists of witnesses and exhibits and answer the amended counterclaim, and generally comply with the court's order of May 1987. Additionally, they were to be compensated for the costs and expenses of their defending against plaintiff's motion for relief.

The court ultimately ordered Lifestyle to pay $920.92 to the defendants in attorneys' fees and costs. In addition, Lifestyle was required to expend $912.50 in attorneys' fees and costs of its own to get the judgment against it set aside and its claims reinstated.

The facts of the second incident at issue here involve Respondent's retention in March 1987 by Gordon Robinson to pursue an action against Buesing Corporation. Mr. Robinson, a truck driver, had received an overload ticket, which he wanted Buesing Corporation to pay. He paid Respondent a total of $300.00 in fees.

Respondent sent a demand letter to Buesing Corporation in March 1987. Thereafter, Mr. Robinson made repeated unsuccessful attempts to contact respondent by telephone, but was unable to speak to him until May 1987, at which time Respondent informed his client that a hearing date would be forthcoming. Subsequently, there was again a lack of communication with the client, lasting until August 1987.

Respondent ultimately filed a lawsuit on Mr. Robinson's behalf in September 1987. While Respondent sent a copy of the complaint to his client, Mr. Robinson apparently never received it. There was little contact with the client thereafter until January 1988, when Respondent discussed a hearing date with Mr. Robinson. Communication problems again ensued, though Respondent contacted Mr. Robinson in April 1988 in an attempt to "make amends." Respondent has since refunded the $300.00 to Mr. Robinson.

Respondent has conditionally admitted that his conduct in the Lifestyle incident violated ER 1.3 and ER 3.4(c) and (d). He has also conditionally admitted that his conduct in the Robinson matter violated ER 1.3 and ER 1.4.

### Discussion of Decision

The Commission agrees that Respondent's failure to pursue either of the above matters in a diligent manner violated ER 1.3. His failure to maintain adequate communication with Mr. Robinson was in violation of ER 1.4. When he failed to comply with the court's order in the Lifestyle matter, he violated ER 3.4(c) and (d).

In determining the appropriateness of a disciplinary sanction, the Commission finds it helpful to review the American Bar Association's *Standards for Imposing Lawyer Sanctions*. This is the guideline used by the supreme court. *In re Rivkind*, 164 Ariz. 154, 791 P.2d 1037, 1040 (1990).

Standard 4.43 provides for reprimand (censure in Arizona) when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client. Respondent failed to comply with a court order, and failed to maintain communication with his client, despite the client's repeated attempts to contact him. Clearly, injury resulted in each instance; in the Lifestyle matter, Respondent's negligence resulted in dismissal of the lawsuit, and a judgment of over $1,800.00 being entered against the client. In the Robinson matter, Respondent's negligence resulted in the delay of Mr. Robinson's lawsuit for almost a year and a half.

Standard 6.22 provides for suspension when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding. Standard 6.23 provides for reprimand (censure in Arizona) when a lawyer negligently fails to comply with a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding. There is no question that Respondent violated a court order in the Lifestyle matter, which resulted in injury to the client; however, whether this

violation was done knowingly or negligently is another matter. As will be discussed in more detail in connection with mitigation, below, Respondent was ill during the period of time in question; it is probable that his violation was a result of that illness.

Standard 9.22 lists factors which may justify an increase in the degree of discipline to be imposed. In the instant case, two aggravating factors are present. Respondent has two prior disciplinary offenses involving similar conduct, thereby exhibiting a pattern of misconduct. Respondent was placed on probation in June 1987 for a period of two years. Additionally, Respondent was informally reprimanded in December 1987. While both of these incidents involved conduct similar to the present matters, the conduct currently at issue occurred just prior to or at approximately the time the prior sanctions were issued. Therefore, there is some question as to whether those sanctions should in all fairness be considered priors.

Standard 9.32 lists factors which may justify a reduction in the degree of discipline to be imposed. A number are present in the instant case. Respondent has no dishonest or selfish motive; he has been extremely cooperative with the State Bar; he has admitted the alleged violations; and he has evidenced remorse for his conduct. Further, Respondent has already voluntarily made full restitution to Mr. Robinson and is fully amenable to making full restitution to Lifestyle and the State Bar. One final factor in mitigation is the state of Respondent's health. During the summer of 1987, Respondent had significant health problems, which forced him to stay home for much of the summer. His symptoms of headaches, fatigue, intestinal problems, and weakness may well be attributable to diabetes mellitus, with which he was subsequently diagnosed.

The Commission believes that the numerous mitigating factors, viewed in conjunction with the ABA-recommendations, indicate public censure is the appropriate sanction. Therefore, the Commission orders that Respondent be publicly censured, and

that he make restitution to Lifestyle in the amount of $1,833.42, which represents both the plaintiffs' and defendants' attorneys' fees and costs incurred as a result of Respondent's negligence.