869 P.2d 172

**In the Matter of a Member of the State Bar of Arizona, Michael Stanley MANNING, Respondent.**

No. SB–94–0019–D.
Comm. No. 90–1767.

Supreme Court of Arizona.

Feb. 16, 1994.

Michael B. Scott, Phoenix, for respondent.

Allen B. Shayo, Bar Counsel, Harriet L. Turney, Chief Bar Counsel, State Bar of Arizona, Phoenix, for the State Bar.

## JUDGMENT AND ORDER

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal having been filed before the Court,

IT IS ORDERED, ADJUDGED AND DECREED that **MICHAEL STANLEY MANNING,** a member of the State Bar of Arizona, is hereby censured for conduct in violation of his duties and obligations as a

lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that **MICHAEL STANLEY MANNING shall pay restitution** in the amount of $2,160.00 to the law firm of Faith, Ledyard and Dagilis within thirty days from the date hereof.

IT IS FURTHER ORDERED that pursuant to Rule 52(a)(8), Rules of the Supreme Court of Arizona, the State Bar of Arizona is granted judgment against **MICHAEL STANLEY MANNING** for costs incurred by the State Bar of Arizona in the amount of $536.20, together with interest at the legal rate from the date of this judgment.

Exhibit A

## BEFORE THE DISCIPLINARY COMMISSION OF THE SUPREME COURT OF ARIZONA

Comm. No. 90–1767.

In the Matter of

MICHAEL STANLEY MANNING

a Member of the State

Bar of Arizona

RESPONDENT.

*DISCIPLINARY COMMISSION REPORT*

[Filed Dec. 11, 1993.]

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on October 16, 1993, for oral argument, pursuant to Rule 53(d), R.Ariz.Sup.Ct. The Commission considered the Hearing Committee's recommendation of censure and restitution. Neither the respondent nor the State Bar filed an objection to the Hearing Committee's recommendation.

### Decision

After consideration of the arguments of the State Bar and Respondent, the Commission, by a concurrence of the eight Commissioners present,[1] adopts the Committee's recommendation that the respondent, Michael

---

1. Commissioner Burlison did not participate in the proceedings.

Stanley Manning ("Manning"), be censured and make restitution to the law firm of Faith, Ledyard and Dagilis in the amount of $2,160, within thirty days hereof. The Commission also unanimously adopts the Committee's findings of fact and conclusions of law.

## Facts

Manning represented Client A as defendant in litigation in November 1989. During the course of that litigation, Manning failed to respond to discovery requests, resulting in Client A's answer being stricken. In June 1990, just two days prior to the hearing scheduled for assessment of damages, Manning filed a bankruptcy petition on behalf of Client A. This resulted in the issuing of an automatic stay of all matters involving Client A.

Because Manning did not notify the Court or the plaintiff's attorney of the automatic stay, the hearing for assessment of damages was held as scheduled. Manning was not present, and a default judgment was entered against Client A. Manning notified the plaintiff's attorney of the automatic stay a few days later.

The plaintiff subsequently moved for sanctions against Manning pursuant to Rule 11. Manning failed to respond. On August 16, 1990, the Court awarded sanctions against him for the benefit of the plaintiff's attorney for failing to notify either the Court or the plaintiff of the bankruptcy, and for failing to respond to the request for sanctions.

Manning never paid those sanctions.

The Committee found that the respondent's conduct violated ER 3.2, ER 3.4, and ER 8.4(d).

## Procedural History

The State Bar attempted personal service of the complaint in this matter and discovered that, at that time, Manning no longer resided at his address of record with the State Bar. After unsuccessful attempts to locate Manning, the complaint was served upon the clerk of the Supreme Court.[2] As the respondent failed to respond, the complaint was deemed admitted.[3] All subsequent relevant pleadings were served in the same manner. Manning failed to respond to any of these documents and did not appear at the hearing before the Committee.[4] After the Committee filed its report and recommendation, Manning filed a statement on review in which he indicated that he had received only a transcript of the proceedings before the Committee.[5] Neither Manning nor the State Bar filed an objection to the Committee's report, however. Upon the State Bar's request for oral argument, both parties appeared at the hearing before the Commission.

## Discussion

Manning's failure to notify the Court and the opposing counsel that Client A had filed bankruptcy caused them to spend unnecessary time on a matter that had been previously stayed. In addition, Manning failed to pay the sanctions ordered by the Court for this behavior. The Commission agrees with the Committee's findings that this conduct violated ER 3.2, ER 3.4, and ER 8.4(d).

In determining an appropriate sanction, both the Court and the Commission are guided by the American Bar Association's *Standards for Imposing Lawyer Sanctions*

---

2. At that time, Rule 55(b)(6) provided that the clerk of the Court was the designated agent for service of the complaint and all other filings for a respondent who could not be found and personally served. Since May 20, 1993, the disciplinary clerk is the designated agent for service of the complaint and all other filings in these circumstances. As of that date, service of all filings in this matter was made upon the disciplinary clerk.

3. Rule 53(c)(1).

4. Rule 55(b)(6) provides that documents shall be addressed to a respondent according to the membership records of the State Bar. It was later discovered that Manning had changed his address without notifying the State Bar's membership records, as required by Rule 31(c)(3).

5. At the hearing before the Commission, however, Manning conceded that he had been served properly, and indicated that he was not contesting the service in this matter.

(1986). *Matter of Tarletz*, 163 Ariz. 548, 789 P.2d 1049 (1990).

Standard 6.23 provides for reprimand (censure in Arizona) when a lawyer negligently fails to comply with a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding. Standard 6.22 provides for suspension when that conduct is done knowingly. Manning failed to respond to discovery requests, forcing the Court to hold a hearing for damages. Manning, aware of the automatic stay from the bankruptcy, did not attend that hearing. However, he failed to notify either the Court or the opposing party of the stay, allowing them to waste their time and effort preparing for and attending that hearing. Finally, Manning failed to comply with the court-ordered sanctions; as of the hearing before the Commission, he had not yet paid those sanctions, although the order was issued over three years ago.

Manning's negligence caused injury to the opposing party and the Court, as well as causing interference with a legal proceeding. However, because the Commission believes that Manning's initial actions were negligent, rather than intentional, it finds that Standard 6.23, rather than 6.22, is applicable. The Commission acknowledges that Manning's failure to pay the court-ordered sanction was intentional. However, Manning has indicated both in his statement on review and at oral argument before the Commission that this failure was due to financial circumstances, rather than an unwillingness to pay.

Standards 9.32 and 9.22 provide for factors to be considered in aggravation and mitigation. In aggravation, Manning has exhibited an indifference to making restitution and has substantial experience in the practice of law. In mitigation, Manning has no prior disciplinary history.

Prior case history also indicates censure is appropriate. In a similar case, *In re Ames*, 171 Ariz. 125, 829 P.2d 315 (1992), the respondent was censured and ordered to make restitution. Respondent Ames abandoned a client's case, resulting in a judgment against

the client; failed to comply with a court order; and failed to maintain adequate communication with that client. Respondent Ames had previously been informally reprimanded.

Manning's conduct as a whole, when considered in light of the Standards and the sanction imposed in *Ames*, leads the Commission to conclude that censure is appropriate. The Commission also recommends that Manning make restitution of $2,160 to the law firm of Faith, Ledyard and Dagilis, who represented the plaintiff in the subject litigation, as ordered by the Superior Court on August 16, 1990.

RESPECTFULLY SUBMITTED this 11th day of December, 1993.

/s/ Steven L. Bossé
Steven L. Bossé, Chair
Disciplinary Commission